**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHELLE PINKNEY, on behalf of herself and all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>THE STATE UNIVERSITY OF NEW YORK and THE STATE UNIVERSITY OF NEW YORK AT ALBANY,<br><br>　　　　　　　　Defendants. | Civil Action No.:<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

　　　　Plaintiff Michelle Pinkney ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendants The State University of New York ("SUNY Corp.") and The State University of New York at Albany ("SUNY Albany") (collectively, "Defendants"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

**NATURE OF THE ACTION AND FACTS COMMON TO ALL CLAIMS**

　　　　1.　　　This is a class action lawsuit on behalf of all people who paid tuition and fees for the Spring 2020 academic semester at schools operated by Defendant SUNY Corp. (the "SUNY Schools"), and who, because of Defendants' response to the Novel Coronavirus Disease 2019 ("COVID-19") pandemic, lost the benefit of the education for which they paid, and/or the services or which their fees were paid, without having their tuition and fees refunded to them.

　　　　2.　　　The SUNY Schools are a system of public institutions of higher education in New York run and administered by Defendant SUNY Corp. It is the largest comprehensive system of universities, colleges, and community colleges in the United States, with a total enrollment of

424,051 students spanning 64 campuses across the state. Pursuant to New York Education Law § 352, the SUNY Schools consist of the following:

> The state university shall consist of the four university centers at Albany, Binghamton, Buffalo and Stony Brook, the designated colleges of arts and sciences at Brockport, Buffalo, Cortland, Fredonia, Geneseo, New Paltz, Old Westbury, Oneonta, Oswego, Plattsburgh, Potsdam and Purchase, empire state college, the agricultural and technical colleges at Alfred, Canton, Cobleskill, Delhi, Farmingdale and Morrisville, downstate medical center, upstate medical center, the college of optometry, the college of environmental science and forestry, maritime college, the college of technology at Utica/Rome, the statutory or contract colleges at Cornell university and Alfred university, and such additional universities, colleges and other institutions, facilities and research centers as have been or hereafter may be acquired, established, operated or contracted to be operated for the state by the state university trustees.[1]

3.  SUNY Albany enrolls approximately 18,000 students, the third-largest student population of the SUNY Schools.

4.  The SUNY Schools offer both in-person and online undergraduate and graduate degree programs.

5.  On March 11, 2020, Governor Andrew Cuomo announced that beginning March 12, 2020, all SUNY Schools would be suspended for a week to prepare for the transition to online learning. Beginning on March 19, 2020, all SUNY Schools would hold classes online for the remainder of the semester due to the global COVID-19 pandemic, and students would be required to leave campus by March 12, 2020.

6.  No SUNY School has held in-person classes since March 12, 2020. Classes that have continued have only been offered in an online format, with no in-person instruction.

7.  As a result of the closure of Defendants' facilities, Defendants have not delivered the educational services, facilities, access and/or opportunities that Plaintiff and the putative class

---

[1] A complete list of SUNY Schools can also be found here: https://www.suny.edu/attend/visit-us/complete-campus-list/.

contracted and paid for. The online learning options being offered to students of SUNY Schools are subpar in practically every aspect, from the lack of facilities, materials, and access to faculty. Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique. The remote learning options are in no way the equivalent of the in-person education that Plaintiff and the putative class members contracted and paid for.

8. Plaintiff and the putative class are therefore entitled to a refund of tuition and fees for in-person educational services, facilities, access and/or opportunities that Defendants have not provided. Even if Defendants claims they did not have a choice in cancelling in-person classes, they nevertheless have improperly retained funds for services they are not providing.

9. Plaintiff seeks, for herself and Class members, Defendants' disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Spring Semester 2020 when classes moved online, and campus services ceased being provided. Plaintiff seeks a return of these amounts on behalf of herself and the Class as defined below.

## PARTIES

10. Plaintiff Michelle Pinkney is a citizen of New York who resides in Bellport, New York. Ms. Pinkney's son is an undergraduate student at SUNY Albany pursuing a Bachelor's Degree in human biology. Ms. Pinkney's son's major requires intensive lab work, which is only possible through in-class instruction. Ms. Pinkney paid approximately $3,535 in tuition to Defendants SUNY Corp. and SUNY Albany for the Spring Semester 2020. Ms. Pinkney was forced to take out a loan in order to pay these expenses. Ms. Pinkney has not been provided a refund of any tuition monies paid, despite the fact that in-person classes have not been held since March 12, 2020. Ms. Pinkney also paid fees to Defendants SUNY Corp. and SUNY Albany, including (i) a $696.50 comprehensive service fee, (ii) a $307.50 intercollegiate athletics fee, (iii)

a $262.50 academic excellence fee, (iv) a $104 recreation and campus life fee, (v) a $110 student activity fee, (vi) a $45 additional biology fee, and (vii) a $30 student-alumni partnership fee.  Ms. Pinkney has not been provided a refund of these fees yet, despite the fact that all students were required to leave campus by March 12, 2020.

11.	Defendant The State University of New York is a corporation created by New York Education Law § 352.  Defendant SUNY Corp. operates the SUNY Schools and is responsible for, among other things:  (i) providing for higher education supported in whole or in part with state moneys, (ii) the care, custody, control and management of the lands, grounds, buildings, facilities and equipment used for SUNY Schools, and (iii) the implementation of statutorily mandated rules for charging tuition to SUNY Schools students.  SUNY Corp.'s principal place of business is at State University Plaza, Albany, New York 12246.

12.	Defendant The State University of New York at Albany is a public university located at 1400 Washington Avenue, Albany, New York 12222.  SUNY Albany is a SUNY School operated by Defendant SUNY Corp.

## JURISDICTION AND VENUE

13.	The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

14.	This Court has personal jurisdiction over Defendants because Defendants maintain their principal place of business in New York.

15.	Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial

portion of the acts complained of occurred in this District.

## FACTUAL ALLEGATIONS

### *Plaintiff And Class Members Paid Tuition And Fees For Spring Semester 2020*

16. Plaintiff and Class members are individuals who paid the cost of tuition and other mandatory fees for the Spring 2020 Semester at SUNY Schools.

17. Spring Semester 2020 classes at SUNY schools begin in or about late January 2020 and end in or about mid-May 2020. At SUNY Albany, Spring Semester 2020 classes began on or about January 22, 2020, and final exams for the semester are scheduled to end on or around May 13, 2020.

18. Plaintiff and Class members paid the cost of tuition for the Spring Semester 2020. They also paid other mandatory fees associated with the Spring Semester 2020.

19. Approximate undergraduate tuition costs at SUNY Schools for the Spring Semester 2020 are $3,535 for New York residents, and, on average, $8,490 for out-of-state residents.[2] Undergraduate out-of-state residents attending SUNY Albany and SUNY Binghamton in-person paid $12,330 in tuition costs for Spring Semester 2020.[3] Undergraduate out-of-state residents attending SUNY Buffalo and SUNY Stony Brook in-person paid $12,370 in tuition costs for Spring Semester 2020.[4]

20. Fees paid by or on behalf of SUNY students vary based on school. By way of example, undergraduate students at SUNY Albany for Spring Semester 2020 paid mandatory

---

[2] SUNY CORP., COSTS AND FINANCIAL AID 2019-2020 at 3, https://www.suny.edu/media/suny/content-assets/documents/financial-aid/suny-financial-aid.pdf (last accessed May 4, 2020).

[3] *Id*.

[4] *Id*.

5

fees including but not limited to a comprehensive service fee of $696.50 and an intercollegiate athletics fee of $307.50.

21.     The tuition and fees described in the paragraphs above are provided by way of example; total damage amounts – which may include other fees that are not listed herein but that were not refunded – will be proven at trial.

### *In Response To COVID-19, All SUNY School Campuses Were Closed And All In-Person Classes Were Cancelled*

22.     On March 11, 2020, Governor Andrew Cuomo announced that beginning March 12, 2020, all SUNY Schools would be suspended for a week to prepare for the transition to online learning. Beginning on March 19, 2020, all SUNY Schools would hold classes online for the remainder of the semester due to the global COVID-19 pandemic, and students would be sent home.

23.     Since March 12, 2020, no SUNY school has held any in-person classes. Classes that have continued have only been offered in an online format, with no in-person instruction. Even classes for students with concentrations in areas where in-person instruction is especially crucial (such as music, theatre, and the sciences) have only had access to minimum online education options.

24.     As a result of the closure of Defendants' facilities, Defendants have not delivered the educational services, facilities, access and/or opportunities that Plaintiff and the putative class contracted and paid for. Plaintiff and the putative class are therefore entitled to a refund of all tuition and fees for services, facilities, access and/or opportunities that Defendants have not provided. Even if Defendants claims they did not have a choice in cancelling in-person classes, they nevertheless have improperly retained funds for services they are not providing.

25.     Plaintiff and members of the Class did not choose to attend an online institution of

higher learning, but instead chose to attend Defendants' institution and enroll on an in-person basis.

26. Defendants market the SUNY Schools on-campus experience as a benefit of enrollment on the websites of SUNY Schools, such as that of SUNY Albany:



**Opportunities Abound**

At UAlbany, you won't just live – you'll thrive. Get involved in our 250+ clubs and organizations, root on our 18 NCAA Division I athletics teams, and explore off campus in our great college town or further afield in the great outdoors. Whatever you're passionate about, you'll find it here.

Located in New York's capital city, the University at Albany is the premier public research University in the Capital Region and offers more than 17,000 students the expansive opportunities of a large university in an environment designed to foster individual success.

27. The online learning options being offered to SUNY Schools students are subpar in practically every aspect and a shadow of what they once were, from the lack of facilities, materials, and access to faculty. Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.

28. The remote learning options are in no way the equivalent of the in-person education putative class members contracted and paid for. The remote education being provided is not even remotely worth the amount charged class members for Spring Semester 2020 tuition. The tuition and fees for in-person instruction at SUNY Schools are higher than tuition and fees for other online institutions because such costs cover not just the academic instruction, but encompass an entirely different experience which includes but is not limited to:

7

- Face to face interaction with professors, mentors, and peers;

- Access to facilities such as libraries, laboratories, computer labs, and study room;

- Student governance and student unions;

- Extra-curricular activities, groups, intramural sports, etc.;

- Student art, cultures, and other activities;

- Social development and independence;

- Hands on learning and experimentation;

- Networking and mentorship opportunities.

29. Defendants herself recognize that in-person learning is more valuable than online learning. For instance, undergraduate out-of-state residents attending SUNY Albany,[5] SUNY Stone Brook,[6] SUNY Buffalo,[7] and SUNY Binghamton[8] online paid $4,240 for Spring Semester 2020, around ***one-third*** of what these SUNY Schools charge out-of-state residents for in-person classes.

30. Through this lawsuit Plaintiff seeks, for herself and Class members, Defendants' disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Spring Semester 2020 when classes moved online, and campus services

---

[5] SUNY ALBANY, 2019-2020 TUITION AND COSTS, https://www.albany.edu/studentaccounts/tuition.php last accessed May 4, 2020).

[6] SUNY STONY BROOK, SPRING 2020 TUITION AND FEE BILLING RATES, https://www.stonybrook.edu/commcms/bursar/tuition/_documents/1204/Spring%202020%20OOS.pdf (last accessed May 4, 2020).

[7] SUNY BUFFALO, SPRING 2020 TUITION AND FEES, http://www.buffalo.edu/studentaccounts/tuition-and-fees/spring.non-resident-online.html last accessed May 4, 2020).

[8] SUNY BINGHAMTON, SPRING TUITION, https://www.binghamton.edu/student-accounts/tuition-fees/tuition-semester/spring.html last accessed May 4, 2020).

ceased being provided.  Plaintiff seeks return of these amounts on behalf of herself and the Class as defined below.

## CLASS ALLEGATIONS

31.     Plaintiff seeks to represent a class defined as all people who paid SUNY Schools Spring Semester 2020 tuition and/or fees for in-person educational services that SUNY Schools failed to provide, and whose tuition and fees have not been refunded (the "Class").  Specifically excluded from the Class are Defendants, Defendants' officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendants, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendants and/or Defendants' officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

32.     Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint.

33.     **Numerosity.**  The members of the Class are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable.  Upon information and belief, Plaintiff reasonably estimates that there are hundreds of thousands of members in the Class.  Although the precise number of Class members is unknown to Plaintiff, the true number of Class members is known by Defendants and may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants and third-party retailers and vendors.

34.     **Existence and predominance of common questions of law and fact.**  Common questions of law and fact exist as to all members of the Class and predominate over any

questions affecting only individual Class members. These common legal and factual questions include, but are not limited to, the following:

      (a)    whether Defendants accepted money from Class members in exchange for the promise to provide services;

      (b)    whether Defendants have provided the services for which Class members contracted; and

      (c)    whether Class members are entitled to a refund for that portion of the tuition and fees that was contracted for services that Defendants did not provide.

      (d)    whether Defendants have unlawfully converted money from Plaintiff, the Class; and

      (e)    whether Defendants are liable to Plaintiff and the Class for unjust enrichment.

35.    **Typicality.** Plaintiff's claims are typical of the claims of the other members of the Class in that, among other things, all Class members were similarly situated and were comparably injured through Defendants' wrongful conduct as set forth herein. Further, there are no defenses available to Defendants that are unique to Plaintiff.

36.    **Adequacy of Representation.** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel that is highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class. Furthermore, Plaintiff has no interests that are antagonistic to those of the Class.

37.    **Superiority.** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class members are relatively small compared to the burden and expense of individual litigation of their claims against Defendants. It would, thus, be virtually impossible for the Class on an individual basis, to obtain effective redress for the wrongs committed against them. Furthermore, even if Class members could afford such individualized litigation, the court

system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

38. In the alternative, the Class may also be certified because:

(a) the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the Defendants;

(b) the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

(c) Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

## COUNT I
### Breach Of Contract
**(On Behalf Of The Class)**

39. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

40.     Plaintiff brings this claim individually and on behalf of the members of the Class against Defendants.

41.     Through the admission agreement and payment of tuition and fees, Plaintiff and each member of the Class entered into a binding contract with Defendants.

42.     As part of the contract, and in exchange for the aforementioned consideration, Defendants promised to provide certain services, all as set forth above.  Plaintiff and Class members fulfilled their end of the bargain when they paid monies due for Spring Semester 2020 tuition.  Tuition for Spring Semester 2020 was intended to cover in-person educational services from January through May 2020.  In exchange for tuition monies paid, Class members were entitled to in-person educational services through the end of the Spring Semester.

43.     Defendants have failed to provide the contracted for services and has otherwise not performed under the contract as set forth above.  Defendants have retained monies paid by Plaintiff and the Class for their Spring Semester 2020 tuition and fees, without providing them the benefit of their bargain.

44.     Plaintiff and members of the Class have suffered damage as a direct and proximate result of Defendants' breach, including but not limited to being deprived of the education, experience, and services to which they were promised and for which they have already paid.

45.     As a direct and proximate result of Defendants' breach, Plaintiff and the Class are entitled to damages, to be decided by the trier of fact in this action, to include but no be limited to reimbursement of certain tuition, fees, and other expenses that were collected by Defendants for services that Defendants have failed to deliver.  Defendants should return the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since

SUNY Schools shut down on March 12, 2020.

46. Defendants' performance under the contract is not excused due to COVID-19. Indeed, Defendants should have refunded the pro-rated portion of any education services not provided. Even if performance was excused or impossible, Defendants would nevertheless be required to return the funds received for services they will not provide.

## COUNT II
### Unjust Enrichment
### (On Behalf Of The Class)

47. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

48. Plaintiff brings this claim individually and on behalf of the members of the Class against Defendants.

49. Plaintiff and members of the Class conferred a benefit on Defendants in the form of monies paid for Spring Semester 2020 tuition and other fees in exchange for certain service and promises. Tuition for Spring Semester 2020 was intended to cover in-person educational services from January through May 2020. In exchange for tuition monies paid, Class members were entitled to in-person educational services through the end of the Spring Semester.

50. Defendants voluntarily accepted and retained this benefit by accepting payment.

51. Defendants have retained this benefit, even though Defendants have failed to provide the education, experience, and services for which the tuition and fees were collected, making Defendants' retention unjust under the circumstances. Accordingly, Defendants should return the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since SUNY Schools shut down on March 12, 2020.

52. It would be unjust and inequitable for Defendants to retain the benefit, and

Defendants should be required to disgorge this unjust enrichment.

## COUNT III
### Conversion
### (On Behalf Of The Class)

53. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

54. Plaintiff brings this claim individually and on behalf of the members of the Class against Defendants.

55. Plaintiff and members of the Class have an ownership right to the in-person educational services they were supposed to be provided in exchange for their Spring Semester 2020 tuition and fee payments to Defendants.

56. Defendants intentionally interfered with the rights of Plaintiff and the Class when they moved all classes to an online format and discontinued in-person educational services for which tuition and fees were intended to pay.

57. Plaintiff and members of the Class demand the return of the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since SUNY Schools shut down on March 12, 2020.

58. Defendants' retention of the fees paid by Plaintiff and members of the Class without providing the educational services for which they paid, deprived Plaintiff, Class members of the benefits for which the tuition and fees paid.

59. This interference with the services for which Plaintiff and members of the Class paid damaged Plaintiff and Class members in that they paid tuition and fees for services that will not be provided.

60. Plaintiff, Class members are entitled to the return of pro-rated portion of any

Spring Semester 2020 tuition and fees for education services not provided since SUNY Schools shut down on March 12, 2020.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

(a) For an order certifying the Class under under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representatives of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

(b) For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(c) For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

(d) For prejudgment interest on all amounts awarded;

(e) For an order of restitution and all other forms of equitable monetary relief;

(f) For injunctive relief as pleaded or as the Court may deem proper; and

(g) For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demand a trial by jury of any and all issues in this action so triable of right.

Dated: May 5, 2020                Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:  */s/ Joseph I. Marchese*
          Joseph I. Marchese

Joseph I. Marchese
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150

Facsimile: (212) 989-9163
Email: jmarchese@bursor.com

**BURSOR & FISHER, P.A.**
Sarah N. Westcot *(Pro hac vice* app. forthcoming*)*
2665 S. Bayshore Drive, Suite 220
Miami, FL 33133
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
Email: swestcot@bursor.com

*Attorneys for Plaintiff*